UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MALIBU MEDIA, LLC,

                         Plaintiff,                                     ORDER

   -against-                                                       CV 12-1146 (JS)(ETB)

JOHN DOES 1-10,

                         Defendants.
------------------------------------------------------------------------X

      Before the Court is plaintiff's motion for leave to serve third-party subpoenas prior to the Rule 26(f) discovery conference.  For the following reasons, plaintiff's motion is granted.

      This is a copyright infringement action in which the plaintiff, Malibu Media, LLC, has sued a number of anonymous alleged infringers for downloading a film called "Tiffany Teenagers in Love" (the "Work"), using a peer-to-peer file-sharing protocol known as a BitTorrent.  (Compl. ¶¶ 11-42.)  The Work was registered with the United States Copyright Office on November 20, 2011 under Copyright Registration Number PA0001762019.  (Id. ¶¶ 11-12 and Ex. B, annexed thereto.)

      Plaintiff has identified the defendants only through their Internet Protocol ("IP") addresses.  (Fieser Decl. ¶ 20 and Ex. B, annexed thereto.)  Plaintiff now seeks an order from the Court, pursuant to Federal Rule of Civil Procedure 26(d)(1), permitting the service of third-party subpoenas on the Internet Service Providers ("ISPs") who have been identified as providing internet service to the Doe defendants so that plaintiff may discover the defendants' true identities.

      Generally, Federal Rule of Civil Procedure 26(d)(1) forbids a party from seeking

discovery "from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). However, the Rule carves out an exception for such discovery when it is "authorized . . . by court order." Id. In this Circuit, courts will allow a party in an infringement action to issue a subpoena under Federal Rule of Civil Procedure 45 to discover a Doe defendant's identity when there is: (1) a concrete showing of a prima facie claim; (2) a specific discovery request; (3) an absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) a minimal expectation of privacy by the defendants in the subpoenaed information. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (citing Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). Plaintiff's application satisfies all of the foregoing factors.

    1.        Prima Facie Copyright Infringement Claim

To state a claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright in a work, and (2) the copying of elements of the work that are original. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Section 411(a) of the Copyright Act "requires copyright holders to register their works before suing for copyright infringement." Reed Elsevier, Inc. v. Muchnick, __ U.S. __, 130 S. Ct. 1237, 1241 (2010) (citing 17 U.S.C. § 411(a)).

Here, plaintiff has properly pled the elements of a copyright infringement action. As set forth in plaintiff's Complaint, the Work at issue herein is owned by plaintiff and registered with the United States Copyright Office. (Compl. ¶¶ 11, 46.) Plaintiff's Complaint further pleads that "[b]y using the BitTorrent protocol and a BitTorrent Client . . ., each Defendant copied the constituent elements of the registered Work that are original." (Id. ¶ 47.) "Plaintiff did not

authorize, permit or consent to Defendants' copying of its Work." (Id. ¶ 48.) Accordingly, plaintiff has satisfied the first prong of the above test.

    2.    <u>Specific Discovery Request</u>

Plaintiff's motion seeks leave to serve third-party subpoenas on defendants' ISPs in order to discover defendants' names, addresses, telephone numbers, email addresses and Media Access Control ("MAC") addresses. All such information is in the possession of defendants' ISPs. (Feiser Decl. ¶ 23.) The requested discovery is both limited and specific and therefore satisfies the second factor outlined above. <u>See</u> <u>Sony Music Entm't</u>, 326 F. Supp. 2d at 566 ("Plaintiffs' discovery request is also sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court.").

    3.    <u>Absence of Alternative Means</u>

Plaintiff has also satisfied the third prong of the applicable test. Since "[o]nly the ISP to whom a particular IP address has been assigned for use by its subscriber can correlate the IP address to a real person, the subscriber of the internet service," there is no other way for plaintiff to discover the information it seeks. (Feiser Decl. ¶ 9.) "Once provided with the IP address, plus the date and time of the detected and documented infringing activity, ISPs can use their subscriber logs to identify the name, address, email address, phone number and Media Access Control number of the subscriber." (<u>Id.</u> ¶ 23.) Accordingly, service of the requested subpoenas appears to be the only avenue available to plaintiff to discover the identities of the Doe defendants.

4. <u>Central Need</u>

Plaintiff has also demonstrated that the information it seeks is "centrally needed for plaintiff[] to advance [its] copyright claim[]." <u>Sony Music Entm't</u>, 326 F. Supp. 2d at 566 (citations omitted). "Ascertaining the identities and residences of the Doe defendants is critical to plaintiff['s] ability to pursue litigation, for without this information, plaintiff[] will be unable to serve process." <u>Id.</u>

5. <u>Minimal Expectation of Privacy</u>

Finally, plaintiff has also satisfied the fifth factor set forth above. The Doe defendants are all alleged copyright infringers. "Accordingly, defendants have little expectation of privacy in downloading . . . copyrighted [works] without permission." <u>Sony Music Entm't</u>, 326 F. Supp. 2d at 566 (citation omitted).

For the foregoing reasons, the Court finds that plaintiff has satisfied all five factors necessary for an order permitting plaintiff to serve third-party subpoenas to discover the identities of the Doe defendants. Accordingly, plaintiff's application to serve third-party subpoenas prior to the Rule 26(f) conference is granted.

**SO ORDERED:**

Dated: Central Islip, New York
March 26, 2012

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge