**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | RESPONSE TO ORDER |
| v. | ) | TO SHOW CAUSE |
| | ) | 2:12-cv-01146 (JS)(ETB) |
| DOES 1 – 10 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | RESPONSE TO ORDER |
| v. | ) | TO SHOW CAUSE |
| | ) | 2:12-cv-01156 (JFB)(ETB) |
| DOES 1 – 13 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## RESPONSE TO ORDER TO SHOW CAUSE

CSC Holdings LLC ("Cablevision") hereby submits this response to the Court's Orders to Show Cause, dated September 14, 2012 ("Orders").  While Federal Rule of Civil Procedure 45(e) provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena," Cablevision should not be held in contempt, as it has in fact complied with Federal Rule of Civil Procedure 45, is in the process of producing the information requested in Plaintiff's subpoenas, and was unfairly deprived of the opportunity to respond to Plaintiff's Motion to Show Cause, by Plaintiff's violation of Federal Rule of Civil Procedure 5.

**BACKGROUND**

The *Malibu Media* cases before this Court are two of a series of approximately fifty-five (55) identical copyright litigations that Plaintiff's counsel, the Kotzker Law Group, has filed on behalf of Malibu Media.  *See e.g. Malibu Media, Inc. v. John Does 1-4*, No. 1:2012-cv-02960 (S.D.N.Y. filed Apr. 13, 2012); *Malibu Media, Inc. v. John Does 1-7*, 7:2012-cv-03823 (S.D.N.Y. filed May 14, 2012); *Malibu Media, LLC v. Does 1-11*, 2:2012-cv-01150 (E.D.N.Y. filed Mar. 8, 2012); *Malibu Media, LLC v. Does 1-20*, 2:2012-cv-01148 (E.D.N.Y. filed Mar. 8, 2012), Malibu Media, LLC v. Does 1-26, 2:2012-cv-01147 (E.D.N.Y. filed Mar. 8, 2012). Plaintiff alleges that several anonymous defendants infringed Plaintiff's copyrights in the adult-oriented motion pictures, "Girls Night Out," and "Tiffany Teenagers in Love," by distributing or downloading the motion pictures from the internet.  Cablevision is not a defendant in these cases, nor has Plaintiff alleged that Cablevision played any role in the alleged infringement of its copyrights; rather Cablevision is involved in this matter only because Plaintiff does not know the identity of the defendants whom it sued.

In many of the series of copyright cases brought by Plaintiff, Plaintiff's counsel has sought and obtained orders permitting it to issue third-party subpoenas to obtain identifying information from Cablevision, and Cablevision has worked in good faith to comply with these prior subpoenas, even though compliance in each instance has required Cablevision to put aside resources that would otherwise be dedicated to law enforcement efforts.  *See e.g. Malibu Media, LLC v. Does 1-26*, No. 2:12-cv-01147 (E.D.N.Y. filed Mar. 8, 2012, Order at 4, ECF No. 9; *Patrick Collins, Inc. v. John Doe*, 2:12-cv-1154, (E.D.N.Y. filed Mar. 8, 2012), Order at 4, ECF No. 12.  (noting Cablevision's careful compliance with Plaintiff's subpoenas).

In the instant matters, Plaintiff moved for leave to conduct expedited discovery, and its motions were granted on March 26, 2012.  However, unlike in the prior cases, the March 26, 2012 orders granted Plaintiff leave to issue Rule 45 discovery on an expedited basis, but did not appear to consider the Cable Communications Privacy Act, 47 U.S.C. § 551 ("Cable Act"), which generally prohibits Cablevision from responding to a mere Rule 45 subpoena.  *See*, No. 12-1146, Order at 4, ECF No. 5; No. 12-1156, Order at 4, ECF No. 5.  Cablevision thus was not certain whether the Court had intended to override these protections.  Two days later, on March 28, 2012, Cablevision received two Rule 45 subpoenas from Plaintiff, seeking subscriber information for twenty-three (23) individuals.  That same day, Cablevision sent Plaintiff's counsel written objections to these subpoenas in accordance with Rule 45(c)(2)(B), explaining its concerns related to the Court's omission of any language overriding or considering the Cable Act.  Cablevision likewise requested that Plaintiff obtain an appropriate court order.  *See* Ex. A. (Cablevision's Letter to Jason Kotzker, dated March 28, 2012).

For unrelated reasons, on May 10, 2012, in *Malibu Media, LLC v. John Does 1-13,* the Court issued a *sua sponte* order staying enforcement of that subpoena.  (No. 12-1156, Order, ECF No. 10).  This stay was later withdrawn by a subsequent order on June 19, 2012. (No. 12-1156, Order, ECF. No. 26).

Before Cablevision's receipt of the Orders to Show Cause in the instant matters in September 2012, Plaintiff neither responded to Cablevision's objection letters nor sought to contact Cablevision with regard to these subpoenas after the United States District Court for the District of Columbia issued its order in *Openmind Solutions, Inc. v. Does 1-565,* Civ. No. 11-1883 (JMF), (D.D.C. filed Oct. 25, 2011).  (Order, ECF No. 17).

3

Instead of conferring with Cablevision, on August 27, 2012, Plaintiff filed two motions for orders to show cause.  (*See* No. 12-1156, Mot. For Order to Show Cause, ECF No. 32; No. 12-1146, Mot. For Order to Show Cause, ECF No. 12).  Further, contrary to Plaintiff's assertion in its Certificate of Service attached to the motions for orders to show cause, Plaintiff did not serve Cablevision with either of these motions, thereby violating Fed. R. Civ. P. 5 and unfairly depriving Cablevision of any opportunity to respond.  Aff. of Anne Cheung ¶ 3.

After receiving the Court's Order to Show Cause and having further reviewed the Second Order issued in the *Malibu Media* cases, Cablevision immediately reconsidered its position, and commenced the subscriber notification process that is statutorily required by the Cable Act. Cablevision is prepared to produce the requested information as early as October 8, 2012 and no later than October 12, 2012, absent formal objection filed by an affected subscriber.

## ARGUMENT

Cablevision should not be held in contempt because it is in the process of providing the information requested and would have informed Plaintiff of the same if Plaintiff had abided by the Federal Rules and served Plaintiff with its Motions for Order to Show Cause and/or contacted Cablevision prior to filing those Motions.  Instead, Plaintiff has caused unnecessary expense and burdened Cablevision's limited resources.  Further, Cablevision has not failed to comply with plaintiff's Rule 45 subpoena; rather Cablevision submitted a written objection in accordance with Rule 45(c)(2)(B).  Under Rule 45(c)(2)(B), within the earlier of fourteen days or the due date of the subpoena, a person commanded to produce documents may serve on the party or attorney designated in the subpoena a written objection.  If an objection is made:

> (i)    At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*Id.* Thus, once proper objections have been served, it becomes the subpoenaing party's obligation to move for an order compelling production after the subject of a subpoena makes a written objection, and the objecting party is not in contempt of the order. *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693-94 (7th Cir. 2010) ("under Rule 45(c), intervening court involvement is required prior to initiation of contempt proceedings if the recipient of the subpoena serves a written objection on the party or attorney designated in the subpoena."); *Palmer v. Ellsworth*, 12 F.3d 1107, 1993 WL 498010, *5 (9th Cir. 1993) ("Although a subpoena is a court order, once a person objects to the subpoena, the party seeking to enforce the subpoena must seek a court order directing compliance."). In response to plaintiff's Rule 45 subpoena, and in accordance with the procedural requirements laid out by Rule 45(c)(2)(B), Cablevision served a timely written objection upon plaintiff in the form of its March 28, 2012 letters.

As to the substance of Cablevision's objections themselves, Cablevision's objections to Plaintiff's subpoena were made in good faith, to ensure subscriber privacy, and had not yet been addressed by this or any other court at the time made. The leave granted to Plaintiff to serve a Rule 45 subpoena in an expedited manner appeared to fall short of what the Cable Act required, as a subpoena is insufficient process for the disclosure of subscriber information under the Act.[1] The Court's subsequent order in June and the decision cited by Plaintiff, *Openmind Solutions*, were decided *after* Cablevision issued its initial objection letters. Additionally, the *Openmind Solutions* decision itself is an unpublished opinion from the District of Columbia, and consequently, is not binding precedent with regard to subpoenas issued in the Eastern District of

New York.  As such, Cablevision was under no obligation to reconsider its prior objections.  See, No. 12-1156, Mot. For Order to Show Cause Ex. A, ECF No. 32.

Finally, the Court should not find Cablevision in contempt, because such a finding is not warranted here.  Contempt is the harshest remedy available in a civil action and, therefore, it is generally construed narrowly and applied only where the respondent has demonstrated clear disregard for the authority of the Court.  *Bank Leumi Trust Co. of New York v. Taylor-Cishahayo*, 147 Misc. 2d 685, 690, 556 N.Y.S.2d 211, 214 (N. Y. Civ. Ct. 1990).  Contempt is intended to be used not to punish the contemnor, but as a "remedial sanction used to obtain compliance with a court order or to compensate for damage sustained as a result of noncompliance." *N.L.R.B. v. Blevins Popcorn Co.,* 659 F.2d 1173, 1184 (D.C. Cir. 1981).  Here, Plaintiff has not suffered any prejudice as a result of the delay in production.  Further, Cablevision has not disregarded the authority of the Court, but rather complied in good faith with both the discovery rules and the Cable Act.  Thus, a finding of contempt would be both disproportionately harsh and unwarranted.

## CONCLUSION

Accordingly, because Cablevision complied with its obligations under Rule 45 by timely objecting to plaintiff's Rule 45 subpoena based on its obligations under the Cable Act and by now producing the documents given the proper authorization by the Court, the Court should find that Cablevision is not in contempt of Court.

---

[1] Thus, producing information when not expressly directed to do so by a court could be deemed to be a violation of the Cable Act.  47 U.S.C. § 551(c)(1).

Date: September 28, 2012     Respectfully submitted,


          /s/ Kenneth Dreifach
          Kenneth Dreifach
          NY State Bar No.: 2527695
          ZwillGen PLLC
          415 Madison Avenue
          New York, NY 10017
          (347) 210-1798

          *Counsel for CSC Holdings LLC*